IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, *et al.* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-3998 |
| WHITEPAGES, INC., *et al.* | : | |
| | | |
| ATLAS DATA PRIVACY CORPORATION, *et al.* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4000 |
| HIYA, INC., *et al.* | : | |
| | | |
| ATLAS DATA PRIVACY CORPORATION, *et al.* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4175 |
| CLARITAS, LLC., *et al.* | : | |
| | | |
| ATLAS DATA PRIVACY CORPORATION, *et al.* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4184 |
| LUSHA SYSTEMS, INC., *et al.* | : | |
| | | |
| ATLAS DATA PRIVACY CORPORATION, *et al.* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4292 |
| MELISSA DATA CORP., *et al.* | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, *et al.* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4390 |
| FORTNOFF FINANCIAL, LLC, *et al.* | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, *et al.* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4392 |
| E-MERGES.COM, INC., *et al.* | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, *et al.* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4609 |
| NUWBER, INC., *et al.* | : | |

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DISMISSAL

# **TABLE OF CONTENTS**

                                                                                                                                       **Page**

I.      Introduction ............................................................................................................. 1

II.     New Jersey's Daniel's Law unconstitutionally restricts truthful speech ....... 1

          A.     The information at issue is truthful and lawfully obtained .................. 3

          B.     The information at issue is of public significance ............................... 3

          C.     The government is required to demonstrate an interest of the highest order in the current version of the law and has not yet done so; regardless, the law is not narrowly tailored ........................... 5

III.    Conclusion ............................................................................................................. 9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Atlas Data Privacy Corporation, et al. v. Lightbox Parent, L.P., et al.*,
   Civil Action No. 1:24-cv-4105 ...................................................................................1

*Bartnicki v. Vopper*,
   532 U.S. 514 (2001)....................................................................................................2

*Bowley v. City of Uniontown Police Dept.*,
   404 F. 3d 783 (3d Cir. 2005) ...............................................................................*passim*

*Brayshaw v. City of Tallahassee, Florida*,
   709 F. Supp. 2d 1244 (N.D. Fla. 2010) ...................................................................3, 4

*Cox Broadcasting Corp. v. Cohn*,
   420 U.S. 469 (1975)................................................................................................1, 2

*Dex Media West, Inc. v. City of Seattle*,
   696 F.3d 952 (9th Cir. 2012) ......................................................................................4

*IMDb.com Inc. v. Becerra*,
   962 F.3d 1111 (9th Cir. 2020) ................................................................................7, 8

*Inman v. Technicolor USA, Inc.*,
   2011 WL 5829024 (W.D. Pa. Nov. 18, 2011).............................................................9

*National Institute of Family and Life Advocates v. Becerra*,
   585 U.S. 755 (2018)....................................................................................................9

*National Rifle Association of America v. Vullo*,
   Case No. 22-842 (decided May 30, 2024)..................................................................4

*Oklahoma Pub'g Co. v. Oklahoma County District Court*,
   430 U.S. 308 (1977)....................................................................................................1

*Ostergren v. McDonnell*,
   2008 WL 3895593 (E.D. Va. Aug. 22, 2008) ............................................................5

*Publius v. Boyer-Vine*,
   237 F. Supp. 3d 997 (E.D. Cal. 2017) ................................................................3

*R.M. v. Supreme Court of New Jersey*,
   185 N.J. 208 (2005) ............................................................................................2

*Reno v. ACLU*,
   521 U.S. 884 (1997).............................................................................................4

*Schrader v. District Attorney of York County*,
   74 F. 4th 120 (3d Cir. 2023) ............................................................................2, 3

*Sheehan v. Gregoire*,
   272 F. Supp. 2d 1135 (W.D. Wash. 2003) ...................................................2, 3, 4

*Smith v. Daily Mail Publ'g*,
   443 U.S. 97 (1979)...........................................................................................1, 3

*The Florida Star v. BJF*,
   491 U.S. 524 (1989)......................................................................................1, 2, 8

**Statutes**

CONG US S 2340 ..................................................................................................... 9

N.J.S.A. 2C:20-31.1(a)..............................................................................................6

N.J.S.A. 40A:14-122.8..............................................................................................5

N.J.S.A. 47:1B-2 .......................................................................................................7

N.J.S.A. 52:14-7(a) ...................................................................................................5

N.J.S.A. 56:8-166.1...................................................................................................7

N.J.S.A. 56:8-166.1(d)..............................................................................................6

N.J.S.A. 56:8-166.1(f)...............................................................................................8

**Other Authorities**

Eugene Volokh, "What Cheap Speech Has Done: (Greater) Equality
   and Its Discontents," 54 U.C. Davis L. Rev. 2303 (June 2021)..........................5

NJ LEGIS 113 (2023), 2023 NJ Sess. Law Serv. Ch. 113 (SENATE 3125) (WEST) ................................................................................................6

NJ LEGIS 371 (2021), 2021 NJ Sess. Law Serv. Ch. 371 (ASSEMBLY 6171) (WEST) ...........................................................................................6

I.   **Introduction**

The defendants signing this brief have joined the Consolidated Motion to Dismiss in *Atlas Data Privacy Corporation, et al. v. Lightbox Parent, L.P., et al.*, Civil Action No. 1:24-cv-4105 (Dkt. No. 27). They submit this supplemental memorandum to elaborate on a basis that Daniel's Law[1] fails under the First Amendment — the law is an unconstitutional restriction on truthful speech.

II.  **New Jersey's Daniel's Law unconstitutionally restricts truthful speech.**

"'[S]tate action to punish the publication of truthful information seldom can satisfy constitutional standards.'" *Bowley v. City of Uniontown Police Dept.*, 404 F. 3d 783, 786 (3d Cir. 2005) (holding Pennsylvania statute unconstitutional in restricting newspaper publication of minor's arrest on rape charges) (quoting *Smith v. Daily Mail Publ'g*, 443 U.S. 97, 102 (1979));[2] *see also The Fla. Star v. B.J.F.*, 491 U.S. 524, 536 (1989) (finding unconstitutional liability against newspaper for publication of rape victim's name, lawfully obtained from police department press room); *Oklahoma Pub'g Co. v. Oklahoma County District Court*, 430 U.S. 308, 311- 12 (1977) (finding unconstitutional pretrial order enjoining media from publishing name and photo of minor whose identity was disclosed in open court); *Cox*

---

[1] Unless otherwise stated, all capitalized terms in this brief shall have the same meanings as set forth in the consolidated brief.

[2] *See* Consolidated Motion to Dismiss, n. 25.

*Broadcasting Corp. v. Cohn*, 420 U.S. 469, 491 (1975) (finding Georgia statute unconstitutional in punishing accurate publication of rape victim's name obtained from public records); *R.M. v. Supreme Court of New Jersey*, 185 N.J. 208, 374, 381 (2005) (reasoning that "laws that punish dissemination of truthful information are generally presumed to be constitutionally infirm" and finding New Jersey rule providing for confidentiality of attorney disciplinary proceedings unconstitutional under First Amendment both facially and as applied); *Sheehan v. Gregoire*, 272 F. Supp. 2d 1135, 1149 (W.D. Wash. 2003) (finding facially unconstitutional under First Amendment Washington statute prohibiting disclosure of residential addresses and phone numbers, birthdates, and Social Security numbers of law enforcement and court-related employees and volunteers).

If information of public interest is lawfully obtained, state officials can't constitutionally punish publication of that information absent a state interest of the highest order and punishment narrowly tailored to serve that interest. *Schrader v. District Attorney of York County*, 74 F. 4th 120, 127-8 (3d Cir. 2023) (applying standard to case involving publication by a private individual, not a news outlet); *Bowley*, 404 F.3d at 786; *R.M.*, 185 N.J. at 217; *Sheehan*, 272 F. Supp. 2d at 1143-44; *Fla. Star*, 491 U.S. at 533; *see also Bartnicki v. Vopper*, 532 U.S. 514, 527 (2001). The following three-part test applies here: (1) whether the information was truthful and lawfully obtained, (2) whether the information concerned a matter of

2

public significance, and (3) whether imposition of liability would be the most narrowly tailored way to serve the "state interest of the highest order." *Bowley*, 404 F.3d at 787; *see also Schrader*, 74 F.4th at 127-28.

### A. The information at issue is truthful and lawfully obtained.

Under the first *Bowley* (also known as "*Daily Mail*") factor, the plaintiffs have not alleged that phone numbers and addresses were inaccurate or obtained unlawfully by the defendants. *See* generally Compl. In fact, it is the truthfulness of this information that the plaintiffs take issue with, Compl. ¶ 50, and much of the information can be confirmed via public records. *See* Consolidated Motion to Dismiss, pp. 11, 12 n. 4. The first *Bowley* factor thus supports finding New Jersey's Daniel's Law unconstitutional. 404 F.3d at 787.

### B. The information at issue is of public significance.

With respect to the second *Bowley* factor (public significance of the regulated information), courts have concluded that phone numbers and addresses are of public significance. *See, e.g., Brayshaw v. City of Tallahassee, Florida*, 709 F. Supp. 2d 1244, 1250 (N.D. Fla. 2010) (finding facially unconstitutional under First Amendment Florida statute criminalizing publication of law enforcement officers' residential addresses and phone numbers); *Publius v. Boyer-Vine*, 237 F. Supp. 3d 997, 1014 (E.D. Cal. 2017) (holding that the address and telephone number information of public officials was a "matter of public concern"); *Sheehan*, 272 F.

3

Supp. 2d at 1145 (holding that "personal identifying information" related to "police accountability" was a "matter of public significance"); *see also Dex Media West, Inc. v. City of Seattle*, 696 F.3d 952, 954-57 (9th Cir. 2012) (finding, despite blended non-commercial and commercial speech, yellow pages phone directories containing addresses and phone numbers to be core speech entitled to strict scrutiny protection and striking down a Seattle ordinance under the First Amendment despite the city's purported justifications of waste reduction, privacy, and cost recovery).

As the *Brayshaw* court reasoned: "[T]he issue of police accountability is certainly political and of legitimate public interest." 709 F. Supp. 2d at 1249 (citing *Sheehan*, 272 F. Supp. 2d at 1139 n. 2). "The publication of truthful personal information about police officers is linked to the issue of police accountability through aiding in achieving service of process, researching criminal history of officers, organizing lawful pickets, and other peaceful and lawful forms of civic involvement that publicize the issue." *Id.* (citing *Sheehan*). Moreover, this protection for publication of matters of public significance extends to the media and the general public alike. *Id.* (citing *Reno v. ACLU*, 521 U.S. 884, 870 (1997)).

Prominent constitutional law scholar and recent Supreme Court victor[3] Eugene Volokh has also opined that "government officials' addresses may often be

---

[3] *See National Rifle Association of America v. Vullo*, Case No. 22-842 (decided May 30, 2024).

relevant to whether the officials are complying with local home maintenance ordinances, or whether they live in the proper district." Eugene Volokh, "What Cheap Speech Has Done: (Greater) Equality and Its Discontents," 54 U.C. Davis L. Rev. 2303, 2328 (June 2021).

And the home addresses of public officials are of particular significance in the state of New Jersey, where as a matter of law, "[e]very member of a police department and force ***shall be a resident of the State of New Jersey*** while serving in such position." N.J.S.A. 40A:14-122.8 (emphasis added). Moreover, "[e]very person holding an office, employment, or position . . . in the Executive, Legislative, or Judicial Branch of this State, . . . with an authority, board, body, agency, commission, or instrumentality of the State, [or] . . . with a county, municipality, or other political subdivision of the State. . . . ***shall have his or her principal residence in this State***." N.J.S.A. 52:14-7(a) (emphasis added). Thus, for many public officials covered by Daniel's Law, their address in New Jersey is fundamental to their qualifications to serve and therefore is of public significance. As with the first factor, the second factor supports a finding of unconstitutionality.

**C.     The government is required to demonstrate an interest of the highest order in the current version of the law and has not yet done so; regardless, the law is not narrowly tailored.**

Under the third factor, the government must demonstrate that the statute serves a state interest of the highest order. *See, e.g., Ostergren v. McDonnell*, 2008

5

WL 3895593, *11 (E.D. Va. Aug. 22, 2008) (reasoning that "federal courts are not at liberty to articulate the State's interest of the highest order. That task rests with the State."); *Bowley*, 404 F.3d at 787. Defendants acknowledge that judges, prosecutors, police officers, other public officials, and their families should not have to fear for their physical safety at home. But the current formulation of Daniel's Law has not yet been justified by the State as serving a clearly articulated interest of the highest order that would outweigh the public's right of free speech regarding truthful, lawfully obtained information.

A statute incepted to protect judges and their families has been expanded to include many other public officials and their families. *See* N.J.S.A. 2C:20-31.1(a); N.J.S.A. 56:8-166.1(d). And the statute has been amended to remove limitations on requests, first eliminating the requirement that requests involve "circumstances in which a reasonable person would believe that providing that information would expose another to harassment or risk of harm to life or property," NJ LEGIS 371 (2021), 2021 NJ Sess. Law Serv. Ch. 371 (ASSEMBLY 6171) (WEST), and then removing the registration requirement altogether. NJ LEGIS 113 (2023), 2023 NJ Sess. Law Serv. Ch. 113 (SENATE 3125) (WEST). To date, the government has not sufficiently articulated an interest of the highest order. In response to the dismissal briefing in this case, the government will have an opportunity to do so.

Even if the government sufficiently demonstrates an interest of the highest

6

order as to the current version of Daniel's Law, the statute is still unconstitutional because it's not narrowly tailored. The consolidated brief addresses various failings of Daniel's Law from both an overbreadth and under-inclusiveness perspective, thus Defendants do not repeat all those arguments here. *See* Consolidated Motion to Dismiss, pp. 26-42. But Defendants highlight the following examples of tailoring problems.

As to overbreadth, Daniel's Law does not require that any requester verify, in any fashion, as part of a nondisclosure request to a private entity that the requester is actually a "covered person" under the law — and unlike requests to public entities, requests to private entities no longer flow through the Office of Information Privacy. *See generally* N.J.S.A. 56:8-166.1; *see also* N.J.S.A. 47:1B-2. Accordingly, anyone can ***claim*** to be a "covered person" or an "authorized person," without any associated proof, and foist upon a person or private entity the obligation to de-publish and not disclose thereafter addresses or phone numbers or face the risk of criminal and civil penalties (preceded by potentially protracted and expensive litigation, as is the case here). The lack of a verification requirement sweeps in too much speech and thus is unconstitutionally overbroad.

As to narrow tailoring, the case of *IMDb.com Inc. v. Becerra*, 962 F.3d 1111, 1120, 1125 (9th Cir. 2020), is instructive. There, the challenged statute prohibited certain websites from publishing the ages and dates of birth of entertainment industry

7

professionals. 962 F.3d at 1116. The court held that the statute facially violated a website database's First Amendment speech rights because it eliminated the speech rights of some websites while leaving open numerous other alternative sources of the same information. *Id.* at 1126. Like the law deemed unconstitutional in *IMDb*, Daniel's Law is inadequate because it eliminates "one form of speech 'while at the same time allowing unlimited numbers of other types . . . that create the same problem.'" 962 F.3d at 1126. Here, those other types of speech include the publication of the same information by government sources as well as printed directories and printed newsletters. *See* N.J.S.A. 56:8-166.1(f). Public property records reveal the addresses of at least four named plaintiffs. *See* Consolidated Motion to Dismiss, p. 11. And some of the named plaintiffs are publishing their phone numbers online. *See id.*, p. 12, n. 4.

Furthermore, there are additional less-restrictive alternatives. For example, the government could prioritize self-monitoring (*e.g.*, training and auditing in relation to covered people) to minimize widespread disclosure of phone numbers and addresses. *See Fla. Star*, 491 U.S. at 538 (explaining that where "the government has failed to police itself in disseminating information," "the imposition of damages against the press for its subsequent publication can hardly be said to be a narrowly tailored means of safeguarding" privacy). Put differently, "where the government itself provides information to the media, it is most appropriate to assume

8

that the government had, but failed to utilize, far more limited means of guarding against dissemination than the extreme step of punishing truthful speech." *Id.*

The government also could engage in a state-sponsored advertising campaign to encourage all citizens of New Jersey (including "covered persons") to take advantage of the already-existing protocols to "opt out" of having addresses and phone numbers disclosed. *See, e.g.,* https://www.whitepages.com/suppression-requests (last visited June 14, 2024); https://hiyahelp.zendesk.com/hc/en-us/requests/new?ticket_form_id=824667 (last visited June 14, 2024).[4]  This alternative to civil and criminal penalties would be in line with the advertising campaign advocated as a narrower alternative in *National Institute of Family and Life Advocates v. Becerra*, 585 U.S. 755, 775 (2018).

And although the federal equivalent of Daniel's Law suffers from constitutional issues of its own, it offers numerous less-restrictive alternatives to try to achieve its stated goal (protecting the judiciary), including a narrower definition of covered persons, limitations on a private right of action, and exceptions for matters of public concern.  *See* CONG US S 2340.

## III.  Conclusion

New Jersey's Daniel's Law facially fails the *Bowley* test.  For that reason, as

---

[4] In considering a motion to dismiss, a court may take judicial notice of a website referred to in the complaint.  *See Inman v. Technicolor USA, Inc.*, 2011 WL 5829024, *4 (W.D. Pa. Nov. 18, 2011).

9

well as all those set forth in the Consolidated Motion to Dismiss, Defendants request that these cases be dismissed, with prejudice.

| | |
|---|---|
| Dated: June 14, 2024 | **VEDDER PRICE P.C.**<br><br>/s/ *Blaine C. Kimrey*<br>Blaine C. Kimrey (*pro hac vice*)<br>bkimrey@vedderprice.com<br>Bryan K. Clark (*pro hac vice*)<br>bclark@vedderprice.com<br>222 N. LaSalle Street<br>Chicago, IL 60601<br>T: +1 312 609 7500<br>F: +1 312 407 5005<br><br>Jean A. Occhiogrosso<br>jocchiogrosso@vedderprice.com<br>Vedder Price P.C.<br>1633 Broadway, 31st Floor<br>New York, New York 10019<br>T: +1 212 407 7700<br>F: +1 212 407 7799<br><br>*Attorneys for defendants Whitepages, Inc. and Hiya, Inc.* |
| Dated: June 14, 2024 | **GORDON REES SCULLY MANSUKHANI LLP**<br><br>/s/ *John T. Mills*<br>John T. Mills<br>jtmills@grsm.com<br>1 Battery Park Plaza, 28th Floor<br>New York, NY 10004<br>T: +1 212-453-0778<br><br>*Attorneys for defendants Claritas, LLC and Lusha Systems, Inc.* |

10

| | |
|---|---|
| Dated: June 14, 2024 | **RIKER DANZIG LLP**<br><br>/s/ *Michael P. O'Mullan*<br>Michael P. O'Mullan (ID 029681996)<br>Headquarters Plaza<br>One Speedwell Avenue<br>Morristown, NJ 07962<br>Telephone: (973) 451-8477<br>Email: momullan@riker.com<br><br>*Attorneys for defendant*<br>*Melissa Data Corporation* |
| Dated: June 14, 2024 | **THOMPSON HINE LLP**<br><br>/s/ *J. Timothy McDonald*<br>J. Timothy McDonald (ID No. 027201990)<br>Jennifer A. Adler (*pro hac vice*)<br>THOMPSON HINE LLP<br>Two Alliance Center<br>3560 Lenox Road, Suite 1600<br>Atlanta, Georgia 30326<br>Phone: 404.541.2900<br>Fax: 404.541.2906<br>Tim.McDonald@thompsonhine.com<br>Jennifer.Adler@thompsonhine.com<br><br>Steven G. Stransky (*pro hac vice*)<br>THOMPSON HINE LLP<br>3900 Key Center<br>127 Public Square<br>Cleveland, Ohio 44114<br>Phone: 216.566.5500<br>Fax: 216.566.5800<br>Steve.Stransky@thompsonhine.com<br><br>*Attorneys for defendant Fortnoff*<br>*Financial, LLC* |

11

Dated: June 14, 2024  **RKW, LLC**

/s/ *Stacey Torres*
H. Mark Stichel*
Stacey Torres (293522020)
10075 Red Run Blvd, Ste 401
Owings Mills, Maryland 21117
(443) 379-8941
storres@rkwlawgroup.com
* *Admitted pro hac vice*

*Attorneys for defendant eMerges.com Inc.*

Dated: June 14, 2024  **GORDON REES SCULLY MANSUKHANI LLP**

/s/ *Clair E. Wischusen*
Clair E. Wischusen (ID: 018022009)
Bianca C. Evans (*pro hac vice*)
18 Columbia Turnpike
Suite 220
Florham Park, NJ 07932
Telephone: (973) 549-2500
Email: cwischusen@grsm.com
bevans@grsm.com

*Attorneys for defendant, Nuwber, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served by electronic filing on June 14, 2024, to:

PEM Law LLC
Rajiv D. Parikh, Esq.
Kathleen Barnett Einhorn, Esq.
1 Boland Drive, Suite 101
West Orange, NJ 07052
T: (973) 577-5500
rparikh@pemlawfirm.com
keinhorn@ pemlawfirm.com

Boies Schiller Flexner LLP
Mark Mao, Esq.
44 Montgomery St., 41st Floor
San Francisco, CA 94104
T: (415) 293-6800
mmao@bsfllp.com

Morgan & Morgan
John A. Yanchunis, Esq.
201 N. Franklin St., 7th Floor
Tampa, FL 33602
T: (813) 223-5505
jyanchunis@forthepeople.com

/s/ Jean A. Occhiogrosso