IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, *et al.* | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4000 |
| HIYA, INC., *et al.* | : | |

**SUPPLEMENTAL RESPONSE IN OPPOSITION TO REMAND**

Defendant Hiya, Inc. ("Hiya") submits this Supplemental Response in Opposition to Remand to reiterate its joinder in the Consolidated Brief in Opposition to Plaintiffs' Consolidated Motion for Remand (the "Consolidated Brief"), filed as Dkt. No. 53 in *Atlas Data Privacy Corporation v. Carco Group, Inc., et al.*, Case No. 24-cv-04077, on September 9, 2024, and also filed as Dkt. No. 44 in this action on September 10, 2024.  Hiya is a signatory to the Consolidated Brief and writes separately here to reiterate that it joins the Class Action Fairness Act of 2005 ("CAFA") mass action argument asserted at pp. 35-50 of the Consolidated Brief and incorporates it as part of its bases for removal.

To the extent Plaintiffs contend that this argument is untimely, Hiya notes that the argument is not prejudicial to Plaintiffs because it has been asserted by numerous other defendants since at least March 31, 2024.  *See, e.g.,* Notice of Removal, *Atlas Data Privacy Corporation v. Carco Group, Inc., et al.*, Case No. 24-

1

cv-04077, Dkt. No. 1.  Moreover, Plaintiffs' counsel has acknowledged that timeliness is not jurisdictional.  *See* Transcript of May 7, 2024 Hearing, at 54:2-3 ("I recognize that timeliness is not jurisdictional.").  And regardless, timeliness of removal can be waived, and Plaintiffs have done so.  *See Farina v. Nokia, Inc.*, 625 F.3d 97, 113-114 (3d Cir. 2010) (acknowledging that plaintiff can waive an objection to untimely removal).  At the May 7 hearing, counsel for Plaintiffs expressly waived an objection based on timeliness, saying, "I will withdraw that part of our motion to remand," to which the Court responded, "Nobody will have to address the issue of timeliness of removal."  *See* Transcript of May 7, 2024 Hearing, at 54:2-22.  Plaintiffs' counsel also said Plaintiffs would not object to the propriety of any amended notices of removal.  *Id.* at 54:22-55:1 ("I note that some defendants even filed amended motions to remand, which I don't know are proper.  They didn't get leave of court.  But we're not going to raise that either.").

Accordingly, Hiya reiterates its joinder in the CAFA mass action argument as a basis for removal and subject matter jurisdiction.

Dated: September 16, 2024

**VEDDER PRICE P.C.**

/s/ *Blaine C. Kimrey*
Blaine C. Kimrey (*pro hac vice*)
bkimrey@vedderprice.com
Bryan K. Clark (*pro hac vice*)
bclark@vedderprice.com
222 N. LaSalle Street
Chicago, IL 60601
T: +1 312 609 7500
F: +1 312 407 5005

Jean A. Occhiogrosso
jocchiogrosso@vedderprice.com
Vedder Price P.C.
1633 Broadway, 31st Floor
New York, New York 10019
T: +1 212 407 7700
F: +1 212 407 7799

*Attorneys for defendant Hiya, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served by electronic filing on September 16, 2024, to:

PEM Law LLC
Rajiv D. Parikh, Esq.
Kathleen Barnett Einhorn, Esq.
1 Boland Drive, Suite 101
West Orange, NJ 07052
T: (973) 577-5500
rparikh@pemlawfirm.com
keinhorn@ pemlawfirm.com

Boies Schiller Flexner LLP
Mark Mao, Esq.
44 Montgomery St., 41st Floor
San Francisco, CA 94104
T: (415) 293-6800
mmao@bsfllp.com

Morgan & Morgan
John A. Yanchunis, Esq.
201 N. Franklin St., 7th Floor
Tampa, FL 33602
T: (813) 223-5505
jyanchunis@forthepeople.com

/s/ Jean A. Occhiogrosso