IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, *et al.* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-3998 |
| WHITEPAGES, INC., *et al.* | : | |
| | | |
| ATLAS DATA PRIVACY CORPORATION, *et al.* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4000 |
| HIYA, INC., *et al.* | : | |
| | | |
| ATLAS DATA PRIVACY CORPORATION, *et al.* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4178 |
| ACCURATE APPEND, INC., *et al.* | : | |
| | | |
| ATLAS DATA PRIVACY CORPORATION, *et al.* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4233 |
| BLACK KNIGHT TECHNOLOGIES, LLC, *et al.* | : | |
| | | |
| ATLAS DATA PRIVACY CORPORATION, *et al.* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4324 |
| RESTORATION OF AMERICA, *et al.* | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, *et al.* | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4609 |
| NUWBER, INC., *et al.* | : | |

**JOINING DEFENDANTS' SUPPLEMENTAL MEMORANDUM ADDRESSING *MENS REA* PER ORDER OF THE COURT**

Strict liability restrictions on speech are unconstitutional. *See, e.g., The Florida Star v. B.J.F.*, 491 U.S. 524, 539 (1989). As the U.S. Supreme Court reasoned in *Florida Star*:

> A second problem with Florida's imposition of liability for publication is the broad sweep of the negligence *per se* standard…. [U]nder the *per se* theory of negligence adopted by the courts below, liability follows automatically from publication. This is so regardless of whether the identity of the victim is already known throughout the community; whether the victim voluntarily called public attention to the offense; or whether the identity of the victim has otherwise become a reasonable subject of public concern….

*Id.*; *see also Counterman v. Colorado*, 600 U.S. 66, 75 (2023) (holding that liability can be imposed for speech only upon "a showing of a culpable mental state"); *Rodgers v. Christie*, 795 F. App'x 878, 880 (3d Cir. 2020) (explaining that strict liability for the distribution of information and ideas "would raise serious First Amendment concerns"); *Hess v. Indiana*, 414 U.S. 105, 109 (1973) (precluding punishment for incitement unless the speaker's words were "intended" to produce imminent disorder); *New York Times Co. v. Sullivan*, 376 U.S. 254, 278-79 (1964) (holding that public officials cannot recover on a defamation claim unless they prove a false statement was made "with knowledge that it was false or with reckless disregard of whether it was false or not").

The civil liability section of New Jersey's Daniel's Law ("Daniel's Law") imposes strict liability, as follows:

1

> Upon notification pursuant to paragraph (2) of this subsection, and not later than 10 business days following receipt thereof, a person, business, or association shall not disclose or re-disclose on the Internet or otherwise make available, the home address or unpublished home phone number of any covered person….

*See* N.J. Stat. § 56:8-166.1 (civil provision) at (a).

In contrast, the criminal provision of Daniel's Law has a *mens rea* requirement, as follows:

> Upon notification pursuant to subsection c. of this section, and not later than 10 business days after receipt thereof, a person shall not ***knowingly, with purpose to expose to harassment or risk of harm to life or property, or in reckless disregard of the probability of such exposure***, post, repost, or republish on the Internet, or otherwise make available, the home address and unpublished telephone number of any covered person.

N.J. Stat. § 2C:20-31.1 (criminal provision) at (b) (emphasis added).

Daniel's Law is a regulation of speech. *See, e.g., Sorrell v. IMS Health Inc.*, 564 U.S. 552, 564-70 (2011); *IMDb.com v. Becerra*, 962 F.3d 1111, 1122 (9th Cir. 2020); *Publius v. Boyer-Vine*, 237 F. Supp. 3d 997, 1012-13 (E.D. Cal. 2017); *Vrdolyak v. Avvo, Inc.*, 206 F. Supp. 3d 1384, 1386, 1389 (N.D. Ill. 2016); *Dex Media West, Inc. v. City of Seattle*, 696 F.3d 952, 954-57 (9th Cir. 2012); *Brayshaw v. City of Tallahassee, Florida*, 709 F. Supp. 2d 1244, 1249-50 (N.D. Fla. 2010); *Sheehan v. Gregoire*, 272 F. Supp. 2d 1135, 1149 (W.D. Wash. 2003).

Because the civil liability section of Daniel's Law lacks a *mens rea* requirement and the law is a regulation of speech, the civil liability section (which

Plaintiffs seek to apply to Defendants) is facially unconstitutional.

In light of this fatal *mens rea* flaw — whether the Court applies the *Bowley*/*Daily Mail* (i.e., *Florida Star*) test, the content-based/narrow tailoring test, the overbreadth test,[1] and/or any other First Amendment doctrine — the civil liability section of Daniel's Law is facially unconstitutional because, for instance, it seeks to regulate truthful, lawfully obtained speech of public significance without a state interest of the highest order, it seeks to regulate content-based speech without sufficient demonstration of a compelling interest or narrow tailoring, and it seeks to regulate speech in an overbroad fashion where there are only unconstitutional applications of the civil liability provision.

In other words, Plaintiffs and the State of New Jersey have failed to persuasively articulate why strict liability is a state interest of the highest order, is a compelling interest with statutory language narrowly tailored, isn't unconstitutionally overbroad, and/or isn't otherwise constitutionally infirm. That failure is not surprising because the civil liability provisions of the law can't

---

[1] S*ee, e.g.,* Consolidated Dismissal Memorandum, 24-cv-04105-HB, DE 27-33, filed June 10, 2024; Supplemental Dismissal Memorandum led by Whitepages and Hiya, 24-cv-03998-HB, DE 41, filed June 14, 2024; Supplemental Dismissal Memorandum led by Thomson Reuters, 24-cv-04269-HB, DE 28, filed June 14, 2024; Consolidated Dismissal Reply, 24-cv-04105-HB, DE 54, filed Sept. 13, 2024; Supplemental Dismissal Reply led by Whitepages and Hiya, 24-cv-03998-HB, DE 54; Supplemental Dismissal Reply led by Thomson Reuters, 24-cv-04269-HB, DE 36, filed Sept. 13, 2024).

3

persuasively be defended under any First Amendment doctrine for a whole host of reasons previously articulated, including the lack of a *mens rea* requirement.[2]

One exhibit, so to speak, in support of this constitutional reality (in addition to all others already shared with the Court), is that plaintiff Edwin Maldonado continues to share his cell phone number (the very cell phone number subject to his suppression requests) on the Internet to sell his services as a real estate agent. *See* https://halohomes.us/agent/edwin-maldonado (listing mobile phone number in connection with realtor services) (last visited Oct. 11, 2024); https://www.linkedin.com/in/edwin-maldonado-129b2722b/ (same) (last visited Oct. 11, 2024). It simply can't be the case that Mr. Maldonado, and other Covered Persons like him, can self-publish phone numbers on the Internet to sell their services while also demanding that the defendants suppress that information or be subject to strict liability under Daniel's Law.

Moreover, the civil liability provision of Daniel's Law cannot be cured via judicial legislation or fiat. The New Jersey Legislature has failed to articulate what the civil liability *mens rea* should be (beyond the strict liability reflected by the statute). And the New Jersey Supreme Court has cautioned against amending statutes judicially. *See State v. Pomianek*, 221 N.J. 66, 90-91 (2015). As the New Jersey Supreme Court reasoned in *Pomianek*:

---

[2] *Supra* n. 1

> ***The Legislature pointedly decided not to include such an element in subsection (a)(3), which is evident by the presence of mens rea elements in subsections (a)(1) and (a)(2). We must read the statute as it is written.*** *DiProspero v. Penn*, 183 N.J. 477, 492, 874 A.2d 1039 (2005). The doctrine of constitutional avoidance comes into play when a statute is susceptible to two reasonable interpretations, one constitutional and one not. *State v. Johnson*, 166 N.J. 523, 534, 766 A.2d 1126 (2001). We then assume that the Legislature would want us to construe the statute in a way that conforms to the Constitution. *Id.* at 540-41, 766 A.2d 1126. Here, there is no doubt about the meaning of subsection (a)(3), however we parse the statutory language.
>
> Although the parties strongly disagree on whether subsection (a)(3) is constitutional, ***they concur that the Appellate Division erred by rewriting the statute to impose a mens rea element almost identical to the one in subsection (a)(1).*** The Appellate Division, moreover, has performed not minor judicial surgery to save a statutory provision, but a judicial transplant. The Appellate Division has reconfigured subsection (a)(3) to read as a mirror image of subsection (a)(1). ***Rewriting the statute in that manner is not merely beyond our authority but is redundant and therefore serves no purpose….*** ***We have no option but to strike the constitutionally defective subsection*** (a)(3) of N.J.S.A. 2C:16-1.

*Id.* (emphasis added).

Furthermore, Defendants have been unable to identify a single decision in which the United States Supreme Court *sua sponte* implied *mens rea* in a civil statute, let alone one that regulates speech and is subject to scrutiny under the First Amendment.

If the Court, however, were to imply a *mens rea* requirement in the civil liability section of Daniel's Law (which the Court shouldn't do), the Court should imply some form of intent (not negligence, recklessness, or any lower level of

*scienter*) because that would be the level of fault least likely to chill speech and is reflected in the New Jersey common law of privacy. *See, e.g., Kinsella v. Welch*, 827 A.2d 325, 332 (Superior Court of New Jersey 2003) (citing Restatement (Second) of Torts § 652B (1977)) (establishing that intent is an element of common law invasion of privacy); NJ-JICIV 3.14 (showing that invasion of privacy is an intentional tort). But analogizing to the New Jersey common law of privacy would be imprecise because the New Jersey Legislature has characterized Daniel's Law as a safety, not privacy, statute. *See* N.J.S. 56:8-166.3 (describing the purpose of the statute as "the safety and security of certain public officials in the justice system").

That leaves the Court, under First Amendment precedent, with no constitutionally sound alternative other than to strike down the civil liability section of the law, as the New Jersey Supreme Court did in *Pomianek*, and encourage the New Jersey Legislature to go back to the drawing board with *both* the original noble goal of protecting public-servant safety *and* constitutionality in mind.

For the foregoing reasons, as well as those set forth in the prior defense dismissal briefing and at oral argument before the Court, the Court should dismiss this litigation, with prejudice, because the civil liability section of Daniel's Law facially fails constitutional scrutiny.

| | |
|---|---|
| Dated: October 11, 2024 | **VEDDER PRICE P.C.**<br><br>/s/ *Blaine C. Kimrey*<br>Blaine C. Kimrey (*pro hac vice*)<br>bkimrey@vedderprice.com<br>Bryan K. Clark (*pro hac vice*)<br>bclark@vedderprice.com<br>222 N. LaSalle Street<br>Chicago, IL 60601<br>T: +1 312 609 7500<br>F: +1 312 407 5005<br><br>Jean A. Occhiogrosso<br>jocchiogrosso@vedderprice.com<br>Vedder Price P.C.<br>1633 Broadway, 31st Floor<br>New York, New York 10019<br>T: +1 212 407 7700<br>F: +1 212 407 7799<br><br>*Attorneys for defendants Whitepages, Inc. and Hiya, Inc.* |
| Dated: October 11, 2024 | **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**<br><br>/s/ *David A. Yudelson*<br>David A. Yudelson (*pro hac vice*)<br>dyudelson@constangy.com<br>2029 Century Park East, Suite 1100<br>Los Angeles, CA 90067<br>T: +1 310 909 7775<br>F: +1 424 465 6630<br><br>*Attorneys for defendants Accurate Append, Inc. and Restoration of America* |

Dated: October 11, 2024                         **MCCARTER & ENGLISH, LLP**

/s/ *Curtis B. Leitner*
Curtis B. Leitner
cleitner@mccarter.com
Worldwide Plaza
825 Eighth Ave., 31st Floor
New York, NY 10019
T: +1 212 609 6800

*Attorneys for defendants Black Knight Technologies, LLC and Black Knight, Inc.*

Dated: October 11, 2024                         **GORDON REES SCULLY MANSUKHANI LLP**

/s/ *Clair E. Wischusen*
Clair E. Wischusen (ID: 018022009)
cwischusen@grsm.com
Bianca C. Evans (*pro hac vice*)
bevans@grsm.com
18 Columbia Turnpike
Suite 220
Florham Park, NJ 07932
T: +1 973 549 2500

*Attorneys for defendant Nuwber, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served by electronic filing on October 11, 2024, to:

PEM Law LLC
Rajiv D. Parikh, Esq.
Kathleen Barnett Einhorn, Esq.
1 Boland Drive, Suite 101
West Orange, NJ 07052
T: (973) 577-5500
rparikh@pemlawfirm.com
keinhorn@ pemlawfirm.com

Boies Schiller Flexner LLP
Mark Mao, Esq.
44 Montgomery St., 41st Floor
San Francisco, CA 94104
T: (415) 293-6800
mmao@bsfllp.com

Morgan & Morgan
John A. Yanchunis, Esq.
201 N. Franklin St., 7th Floor
Tampa, FL 33602
T: (813) 223-5505
jyanchunis@forthepeople.com

/s/ Jean A. Occhiogrosso